# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDUARDO SANDOVAL-VELA,<br><br>                    Petitioner,<br>vs.<br><br>JANET NAPOLITANO, Secretary of the Department of Homeland Security; ERIC HOLDER, Attorney General; ROBIN F. BAKER, Director of San Diego Field Office, U.S. Immigration and Customs Enforcement; and ERIC NOONAN, Warden, Western Regional Detention Facility,<br><br>                    Respondents. | CASE NO. 10-CV-0059 - IEG (RBB)<br><br>ORDER DENYING PETITIONER'S EX PARTE MOTION FOR EXTENSION OF TEMPORARY RESTRAINING ORDER<br><br>[Doc. No. 14] |

      Petitioner commenced the present action on January 8, 2010, by filing a Petition for Writ of Habeas Corpus pursuant to 22 U.S.C. § 2241, seeking relief from an immigration detainer on the basis that he is a United States citizen who derived citizenship from his father. [Doc. No. 1]. Together with his petition, Petitioner submitted an Ex Parte Application for Temporary Restraining Order ("TRO") and Preliminary Injunction, asking the Court to enjoin Respondents from executing the immigration detainer and to prohibit them from entering a reinstatement of a previous deportation order. [Doc. No. 2]. Having considered Petitioner's ex parte application, the Court granted his request for a TRO on the same day and ordered Respondents to show cause why a preliminary injunction should not be entered. [Doc. No. 4]. The Court held a hearing on January 22, 2010, at which time it ordered the TRO to be extended through January 26, 2010. [Doc. No. 13].

1  At the hearing, Respondents stated their intent to file supplemental exhibits. After the hearing, counsel for Respondents provided a copy of the supplemental exhibits to the Court and to Petitioner.[1] The exhibits related to the removal proceedings that were going to be commenced against Petitioner, and were intended to be served on Petitioner after the hearing.[2] The Court directed Respondents to electronically file the documents, so that they can become a part of the record. Respondents did so on January 25, 2010, after Petitioner's present motion was filed. [See Doc. No. 16].

Currently before the Court is Petitioner's ex parte motion asking for an extension of the TRO so that Petitioner could have time to review the documents and object, if necessary, to their content. (Ex Parte Motion for Extension of TRO, at 1.) Relying on SEC v. McCarthy, 322 F.3d 650, 659 (9th Cir. 2003), Petitioner argues that due process and basic notions of fairness mandate that he be given an opportunity to respond to the new filings by Respondents. (Id. at 2-3.) Petitioner proposes that the TRO be extended until February 5, 2010, giving him until January 28, 2010 to file any objections to the exhibits, and giving Respondents until February 1, 2010 to file any reply. (Id. at 1.) Petitioner also objects to Respondents relying on their counsel's statements as evidence. (Id. at 3 & n.1.)

As Petitioner acknowledges, however, due process requires only that there be an "'opportunity to be heard at a meaningful time and in a meaningful manner.'" McCarthy, 322 F.3d at 659 (quoting Matthews v. Eldridge, 424 U.S. 319, 333 (1976)). In the present case, Petitioner had an opportunity to respond to the substance of Respondents' allegations both in his reply and at the hearing. The submitted exhibits did no more than reiterate what Respondents alleged in their opposition to Petitioner's motion for injunctive relief–i.e., that Respondents have no intention of reinstating the prior order of removal or detaining Petitioner pending the removal proceedings. (Compare Respondents' Opp., at 9, and Bettwy Decl. ¶ 4, with Respondents' Supp. Exs., at 172-73.)

Moreover, Petitioner cannot demonstrate any resulting prejudice from allowing Respondents

---

[1] It is not clear if all of the documents were provided to Petitioner. According to Petitioner, at the hearing, he "has been given two sets of documents (which, though slightly different, appear substantially the same) claimed to constitute the substance of the government's future filing." (Ex Parte Motion to Extent TRO, at 3.)

[2] The exhibits consisted of a "Notice of Entry of Appearance as Attorney or Representative," "Notice to Appear," "Notice of Consequences of Failure to Appear," "Warrant for Arrest of Alien," "Notice of Custody Determination," and "Order of Release on Recognizance." [See Doc. No. 16].

to supplement their exhibits. To the extent that it is relevant, in ruling on the motion for injunctive relief, the Court only relied on two of the supplemental documents: "Notice of Custody Determination" and "Order of Release on Recognizance." (See Respondents' Supp. Exs., at 172-73.) As to the first document, it merely provides that Petitioner was released on his own recognizance–a fact that Petitioner was already aware of. As to the second document, although it lists "conditions" of Petitioner's release that were not disclosed until the time of the hearing, Petitioner's counsel had ample opportunity to respond to them at the hearing–and in fact did so. Finally, even if Petitioner's allegations are correct and Respondents relied on their counsel's statements at the hearing as evidence, the Court notes that none of those statements affected its ruling on the motion for injunctive relief.

For the foregoing reasons, because Petitioner had a meaningful opportunity to respond to the substance of the supplemental exhibits, and because Petitioner cannot demonstrate any resulting prejudice, the Court hereby **DENIES** his Ex Parte Motion for Extension of TRO.

**IT IS SO ORDERED.**

**DATED: January 26, 2010**

**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**